BENJAMIN B. WAGNER
United States Attorney
BRUCE A. EMARD
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2798
Facsimile:  (916) 554-2900

Attorneys for the Secretary of the Interior,
Yellowstone National Park, and David Hallac

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SALLY JEWELL, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR; YELLOWSTONE NATIONAL PARK; DAVID HALLAC, individually; and DOES 1-8;<br><br>　　　　　　　　Defendants. | CASE NO. 1:15-cv-01368-EPG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF: (1) THE SECRETARY OF THE INTERIOR'S AND YELLOWSTONE NATIONAL PARK'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR FAILURE TO STATE A CLAIM; AND (2) DAVID HALLAC'S MOTION TO DISMISS PLAINTIFF'S SECOND THROUGH FIFTH CLAIMS FOR RELIEF FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION**<br><br>Date:　May 13, 2016<br>Time:　10:00 a.m.<br>Ctrm:　10, 6th Floor<br>Judge: Erica P. Grosjean<br><br>[Fed. R. Civ. P. 12(b)(2), (3) and (6)] |

## I.   INTRODUCTION

The Secretary of the Interior and Yellowstone National Park respectfully ask the Court to dismiss the First Claim for Relief (a claim for conversion) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) plaintiff has failed to name the United States, which is the only

proper party to a conversion claim brought under the Federal Tort Claims Act ("FTCA"); (2) plaintiff has not alleged, and cannot allege, key elements of a conversion claim under Wyoming law; and (3) the conversion claim is precluded by the Civil Service Reform Act of 1978.

Additionally, David Hallac, who is sued in his individual capacity under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), respectfully asks the Court to dismiss the Second through Fifth Claims for Relief for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

## II. BACKGROUND

Plaintiff was an employee of Yellowstone National Park. FAC ¶ 8. He alleges that, while employed at Yellowstone (which is located in the State of Wyoming), he maintained private and personal electronic files and emails on his work computer. FAC ¶ 9. He alleges that on his last day of work at Yellowstone, the Secretary, Yellowstone, Hallac, and Does 1-8, electronically locked out him out of his work computer, thereby denying him access to his personal property. FAC ¶ 13. Plaintiff further alleges that the Secretary, Yellowstone, Hallac, and Does 1-8 continued to deny him access to his work computer after he left his employment with Yellowstone. FAC ¶ 14. After his employment with Yellowstone, plaintiff transferred to a different federal agency in California, where he remains an employee of the United States. Original Complaint ¶ 13, p. 3, l. 2-3.

In his First Amended Complaint ("FAC"), plaintiff alleges a conversion claim against "all defendants" and four *Bivens* claims for constitutional violations against David Hallac, his former supervisor at Yellowstone. As alleged in the FAC, Hallac resides in North Carolina. FAC ¶ 6.

## III. LEGAL STANDARD

This motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580-81 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To

---

[1] If the Second through Fifth Claims for Relief are not dismissed for improper venue and lack of personal jurisdiction, Hallac intends to file a motion to dismiss these claims because, among other reasons, they are precluded by the Civil Service Reform Act of 1978, fail to state a claim, and are barred by qualified immunity.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]headbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

This motion to dismiss also is brought pursuant to Fed. R. Civ. P. 12(b)(2) and (3) with respect to the claims against Hallac, who resides in North Carolina.   Improper venue and lack of personal jurisdiction are the proper bases for dismissal of a claim. *See* Fed. R. Civ. P. 12(b)(2) and (3).

## IV.   DISCUSSION

### A.   The Court Should Dismiss the Conversion Claim

#### 1.   <u>The United States is the Only Proper Defendant</u>

The First Claim for Relief – a claim for conversion – fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is the exclusive remedy for tort claims against the government. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).  "[T]he United States is the only proper party defendant in an FTCA action." *Id*.  Here, the conversion claim improperly names the Secretary, Yellowstone, Hallac, and Does 1-8 as defendants, rather than the United States. *See FDIC v. Craft*, 697, 706 (9th Cir. 1988). Accordingly, Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and the conversion claim must be dismissed.

#### 2.   <u>The Conversion Claim Fails to Allege Key Elements of a Conversion Claim</u>

The First Claim for Relief also fails to allege key elements of a claim for conversion under Wyoming law. *See Satterfield v. Sunny Day Resources, Inc.,* 581 P.2d 1386 (Wyo. 1978); 28 U.S.C. § 1346(b) (stating that the government's liability is determined in accordance with the law of the state where the alleged negligence occurred).

Under Wyoming law, conversion is defined as any distinct act of dominion wrongfully executed over one's property in denial of his right or inconsistent therewith. *See Western Nat'l Bank of Casper v. Harrison, Wyo.*, 577 P.2d 635, 640 (Wyo. 1978). A plaintiff must show that: (a) he has a legal title; (b) he had actual possession or the right to immediate possession at the time of conversion; (c) the defendant dealt with the property in some wrongful manner within the definition of conversion first stated; (d) in cases where the defendant lawfully or without fault has come into possession of the property, then, with some exceptions, a demand has been made by plaintiff and that defendant has refused to return the property; and (e) value of property converted. *Satterfield*, 581 P.2d at 1387.

Here, plaintiff has failed to allege that he had legal title to the information stored on his work computer. He also has failed to allege the value, if any, of the precise items of information that allegedly were converted by the United States. Accordingly, the conversion claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3.  The Conversion Claim is Precluded by the Civil Service Reform Act of 1978

The First Claim for Relief also is precluded by the Civil Service Reform Act of 1978 ("CSRA").

a.  *The CSRA*

The CSRA provides a "remedial scheme through which federal employees can challenge their supervisors' prohibited personnel practices." *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting *Orsay v. United States*, 289 F.3d 1125, 1128 (9th Cir. 2002), *abrogated in part by Millbrook v. United States*, 133 S. Ct. 1441 (2013)); *see also United States v. Fausto*, 484 U.S. 439, 455 (1988) ("The CSRA established a comprehensive system for reviewing personnel action taken against federal employees"). The CSRA is both exclusive and preemptive, providing "a single system of procedures and remedies, subject to judicial review." *Mangano*, 529 F.3d at 1246 (quoting *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991)).

If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the employee's] only remedy." *Orsay*, 289 F.3d at 1128 (quoting 5 U.S.C. § 2302)); *see also Collins v. Bender*, 195 F.3d 1076, 1078 (9th

Cir. 1999) ("When allegedly unconstitutional conduct falls within the broad confines of the CSRA, courts lack jurisdiction to hear a *Bivens* action based on the conduct."); *Saul v. United States*, 928 F.2d 829, 834 (9th Cir. 1991) (stating that the CSRA preempts state common law claims and *Bivens* claims); *Rivera*, 924 F.2d at 951 (stating that Congress's purpose in enacting the CSRA "was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review" and that "[t]o permit FTCA claims to supplant the CSRA's remedial scheme certainly would defeat that purpose."); *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984) (holding that APA review of CSRA grievances was improper because "the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all.").

"Under the CSRA, 'prohibited personnel practices' include the taking of a 'personnel action' that violates the merit system principles." *Collins*, 195 F.3d at 1078 (citing 5 U.S.C. § 2302(b)(11)). "The merit system principles include treating employees fairly and equitably, 'with proper regard for their privacy and constitutional rights.'" *Saul*, 928 F.2d at 833 (quoting 5 U.S.C. § 2301(b)(2)); *see also id*. at 834 (stating that in enacting the CSRA, "Congress did expect 'prohibited personnel practices' to cover supervisors' violations of employees' constitutional and privacy rights"). If an employer's conduct constituted a "personnel action" within the meaning of the CSRA, then "the CSRA procedures, not the federal courts, will determine what remedy, if any, is available to vindicate [a plaintiff's] constitutional rights." *Collins*, 195 F.3d at 1078.

        b.    *The Conduct by Plaintiff Constitutes a Prohibited Personnel Practice*

The conduct alleged by plaintiff constituted a "personnel action" within the meaning of the CSRA. "The definition of 'personnel action' is, necessarily, broad." *Mangano*, 529 F.3d at 1247 (citing *Saul v. United States*, 928 F.2d 829, 834 (9th Cir. 1991)). "There are limits to what qualifies as a 'personnel action," but the instances are well outside anything that could reasonably be described as a 'personnel action.'" *Id*. (citing *Orsay*, 289 F.3d at 1131 (holding that a supervisor aiming a loaded weapon at plaintiff and saying things like ""you're dead" does not fit any of the CSRA's definitions of personnel action) and *Brock v. United States*, 64 F.3d 1421, 1424-25 (9th Cir.

1995) (holding that plaintiff's rape and physical sexual abuse by a supervisor is not a personnel action)). The CSRA defines "personnel action" as including "disciplinary or corrective action." *See Collins*, 195 F.3d at 1078 (citing 5 U.S.C. § 2302(a)(2)(A)(iii)). In *Mathesian v. Lee*, 406 F.3d 1131 (9th Cir. 2005), the plaintiff filed tort claims against employees of the Department of the Treasury stemming from alleged defamation and slander. The Ninth Circuit held that the alleged tortious conduct was within the confines of the CSRA. *Id.* at 1134.

In *Saul*, a federal employee alleged that his supervisors seized and opened his personal mail addressed to him at his office, thereby violating his constitutional rights and invading his privacy. *See Saul*, 928 F.2d at 829. The Ninth Circuit determined that the term "corrective action" was broad enough to include the search of the federal employee's personal mail in the office and, therefore, that his claims under *Bivens* and the FTCA were preempted by the CSRA. *See Saul*, 928 F.2d at 834. The Court held: "We find the failure of Congress to even mention state tort remedies in the CSRA is glaringly significant. We conclude that Congress ignored these remedies because it left no room for them to operate. The CSRA preempts Saul's claim that the opening of his mail violated state law by invading his privacy." *Saul*, 928 F.2d at 843.

In *Streeter v. Dominguez*, No. CV 11-1616-PHX-PGR, 2012 WL 254205, at *3 (D. Ariz. Jan. 27, 2012), the court held that a warrantless search by two supervisors of a federal employee's duffel bag which was located in the bed of the employee's pickup truck parked at the workplace constituted "personnel action." The court stated that "[t]he critical inquiry in deciding whether conduct constitutes a 'personnel action' is the relationship between defendant's actions and plaintiff's employment." *Streeter*, 2012 WL 254205, at *2 (quoting *Plasai v. Mineta*, No. 3-03-CV-2996-BD, 3-04-CV-1477-BD, 2005 WL 1017806, *3 (N.D. Tex. Apr. 26, 2005)); *see also Thao v. Donovan*, No. 1:11-cv-0799 AWI BAM, 2012 WL 4052032, at *6 (E.D. Cal. Sept. 14, 2012) (stating that the focus of the court's inquiry is "the degree to which the complained-of action was connected with, or merely tangential to, the plaintiff's employment.") (citing *Collins v. Bender*, 195 F.3d 1076 (9th Cir. 1999)).

Here, plaintiff alleges that he was an employee of Yellowstone. FAC ¶ 8. He also alleged in his original complaint that he remains an employee of the United States. Original Complaint ¶ 13, p.

3, l. 2-3.  Plaintiff alleges that he stored personal files on his <u>work</u> computer.  FAC ¶ 38.  Plaintiff alleges that he was locked out of his <u>work</u> computer and that these alleged actions occurred on plaintiff's last day of employment while Plaintiff was an employee of Yellowstone.  FAC ¶¶ 14, 41.  Plaintiff alleges that all defendants discriminated and retaliated against plaintiff while he was employed at Yellowstone and after he left his employment at Yellowstone.  FAC ¶ 32.  The actions alleged in the FAC relating to plaintiff's employment with Yellowstone fall within the scope of CSRA's broad definition of "personnel action."   5 U.S.C.A. § 2302(a)(2)(A)(9).  Furthermore, the actions alleged in the FAC fall within the definition of "prohibited" personnel actions under the CSRA. 5 U.S.C. § 2302(b)(1) (discrimination), (b)(9) (retaliation) and (b)(10) (discrimination).

The CSRA's administrative procedures are plaintiff's only remedy.  For this reason, the First Claim for Relief must be dismissed with prejudice.

        4.        <u>Injunctive Relief and Declaratory Relief Are Not Permitted Under the FTCA</u>

The Court lacks jurisdiction to award injunctive or declaratory relief under the FTCA, which only waives sovereign immunity for "money damages."  28 U.S.C. 1346(b); *see also Westbay Steel Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974).  The Court lacks jurisdiction over plaintiff's prayer for an injunction preventing the agency from destroying his files and ordering the agency to turn over his property.   FAC ¶¶ (a) and (b), Prayer for Relief.  The Court also lacks jurisdiction over plaintiff's prayer for a declaratory judgment declaring the acts of the Secretary and Yellowstone to be a violation of plaintiff's civil and constitutional rights.  FAC ¶ (f), Prayer for Relief.  Therefore, if the First Claim for Relief is not dismissed, the prayer for injunctive relief and declaratory relief should be stricken from the FAC.

**B.    Venue is Improper for Plaintiff's *Bivens* Claims against David Hallac**

In Claims for Relief Two through Five, plaintiff brings four *Bivens* claims against David Hallac and Does 1 – 8:  a First Amendment Claim, a Substantive Due Process Claim, a Procedural Due Process Claim, and an Equal Protection Claim.  The Court should dismiss these claims because venue is not proper in the Eastern District of California.

Venue over a *Bivens* claim is governed by 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980); *see also Fisher v. United States*, No. CV 14-6499-MMM (RNB), 2015 WL 5723638, at *2 (C.D. Cal. June 18, 2015) ("The Supreme Court in *Stafford v. Briggs*, 444 U.S. 527, 544, 100 S. Ct. 774, 63 L.Ed.2d 1 (1980), held that 28 U.S.C. § 1391(e) applies only to suits against government officers in their official capacities, and claims against government officials in their individual capacities were governed by 28 U.S.C. § 1391(b)."). 28 U.S.C. § 1391(b) provides:

A civil action may be brought in --

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue is not proper in the Eastern District of California under 28 U.S.C. § 1391(b) with respect to plaintiff's *Bivens* claims. David Hallac does not reside in the Eastern District of California. In fact, the FAC expressly provides that Hallac resides in North Carolina. Moreover, the FAC alleges that the events giving rise to plaintiff's claims occurred in Yellowstone National Park, which is in the District of Wyoming. Because venue is not proper in the Eastern District of California with respect to plaintiff's *Bivens* claims, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

**C.     The Court Lacks Personal Jurisdiction Over Hallac**

The Court also lacks personal jurisdiction over Hallac pursuant to Fed. R. Civ. P. 12(b)(2).

The burden of establishing personal jurisdiction rests with the plaintiff. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Id*. (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). "California's long-arm statute is co-extensive with

federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id*. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id*. at 1015-16 (discussing *International Shoe Co. v. Washington*, 326 U.S. 316 (1945)).

There are two forms of personal jurisdiction – general and specific. *See id*. A court has general jurisdiction over a nonresident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A court may exercise specific jurisdiction over a nonresident defendant only if he or she satisfies a three-part test:

> (1) the non-resident defendant must personally direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law,
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Here, plaintiff has alleged absolutely no facts in his FAC that would support a determination that this Court has personal jurisdiction over David Hallac (a non-resident defendant) under either the general or specific forms of personal jurisdiction. Accordingly, this Court should dismiss the claims against Hallac for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## V. CONCLUSION

For the reasons stated above, the Court should dismiss the First Claim for Relief (the conversion claim) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In addition, the Court should dismiss the Second through Fifth Claims for Relief for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

```
                                          Respectfully submitted,

Dated:  April 10, 2016                    BENJAMIN B. WAGNER
                                          United States Attorney

                                    By:   /s/ Bruce A. Emard
                                          BRUCE A. EMARD
                                          Assistant United States Attorney
```