# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKEN, | Case No. 1:15-cv-01368-EPG |
| Plaintiff, | ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING |
| v. | |
| SALLY JEWELL, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR; YELLOWSTONE NATIONAL PARK; DAVID HALLAC, individually; and DOES 1-8, | (ECF No. 27) |
| Defendants. | |

Plaintiff Kevin Franken initially filed a complaint on September 8, 2015. (ECF No. 1). Defendants filed a Motion to Dismiss that complaint on November 18, 2015. (ECF No. 11.) Before briefing was completed on the motion, the parties agreed to allow the filing of a first amended complaint.[1] The First Amended Complaint ("FAC") was then filed on January 12, 2016. (ECF No. 18.) The FAC alleges events arising out of Plaintiff's employment at Yellowstone National Park and the termination of that employment. The FAC includes claims under 42 U.S.C. § 1983 and a single claim for conversion under Wyoming state law. Plaintiff currently resides in California and Defendant David Hallac currently resides in North Carolina.

---

[1] Shortly thereafter, the parties consented to have a United States Magistrate Judge conduct all proceedings in the case. (ECF Nos. 13, 14, 28, 29.)

1

On April 10, 2016, Defendants filed a Motion to Dismiss the FAC. (ECF No. 27.) Among other things, Defendants asserted that venue in the Eastern District of California is improper under 28 U.S.C. § 1391(b) and that the Court lacks personal jurisdiction over Defendant Hallac because he has no "minimum contacts" to California in conformance with California's long-arm statute. In his opposition, Plaintiff acknowledged that the case should be transferred to the District of Wyoming and asked for leave to file a second amended complaint.

Defendants' Motion to Dismiss came on for hearing on May 25, 2016 at 10:30 a.m. Plaintiff Kevin Franken appeared telephonically through counsel Micah Fargey of Fargey Law P.C. and Defendants appeared through counsel Bruce Emard of the U.S. Attorney's Office. At the hearing, the parties: (1) agreed that transfer to the District of Wyoming was appropriate; (2) agreed that Plaintiff could receive leave to file a second amended complaint; and (3) asked that the Court conduct a settlement conference to determine if the case could be settled before the transfer was effected. The settlement conference was conducted on June 29, 2016. The case did not settle. The parties' request to transfer the case is thus before the Court.

Title 28 of the United States Code section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court finds that, based on the allegations in the FAC, that a "substantial part of the events or omissions giving rise to the claim occurred" within the District of Wyoming and that the District of Wyoming is a judicial district in which at least one of the Defendants may be found. 28 U.S.C. § 1391(b)(2), (3). The Court thus determines that it is appropriate to transfer this case to the District of Wyoming.

Accordingly, IT IS HEREBY ORDERED that this case is TRANSFERRED to the United States District Court for the District of Wyoming.

\\\

\\\

After transferring this case, the Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:  **July 1, 2016**                                    /s/ Eric P. Grosj[signature]

                                                                         UNITED STATES MAGISTRATE JUDGE